UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORI A. KELLY,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:13-CV-0071-JTR<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 14, 18. Attorney Joseph Linehan represents Lori A. Kelly (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on October 15, 2010, alleging disability since October 8, 2008. Tr. 171. Plaintiff filed an application for Disability Insurance Benefits on November 10, 2010, alleging disability since October 22, 2008. Tr. 164. Plaintiff alleges disability due to fibromyalgia, back pain, high blood pressure and depression. Tr. 187. The applications were denied initially and upon reconsideration. Administrative Law

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Judge (ALJ) R.J. Payne held hearings on August 15, 2011, and November 10, 2011, Tr. 41-86, and issued an unfavorable decision on December 1, 2011, Tr. 28-35. The Appeals Council denied review on December 17, 2012. Tr. 1-7. The ALJ's December 2011 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 14, 2013. ECF No. 1, 6.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on November 17, 1959, and was 50 years old on the October 2010 alleged onset dates. Tr. 171. Plaintiff obtained a general equivalency diploma (GED) in the 1980's and last worked as a cook in 2008. Tr. 188, 192. Plaintiff reported she was fired from her job as a cook for taking pain medication at work when the company had a policy of "no tolerance for controlled substances." Tr. 285. She testified at the second administrative hearing that the main thing keeping her from currently being able to work is back pain. Tr. 66. Plaintiff stated she has stabbing pain in her lower back and pain that radiates to her legs. Tr. 66-67. She indicated she experiences numbness in both her hands and feet, her neck had been bothering her, she has experienced daily "massive headaches" her whole life, and she has had high blood pressure since her 20's. Tr. 67-68, 71, 74. With respect to activities of daily living, Plaintiff stated she went to bed between 9:00 and 11:00 p.m., slept four or five hours at night, and got up around 6:00 or 7:00 a.m. Tr. 80. During the day, she will slowly do things around the house, like laundry, cooking and other housework. Tr. 80-81. She also enjoys reading and watching television during the day. Tr. 80-81.

Plaintiff testified she "had a problem with prescription drugs" but had not taken them for a year and a half. Tr. 75. She expressed fear that if she went back

to work, the prescription drug problem would resurface. Tr. 75. She indicated she also previously had a problem with alcohol (drinking up to a pint of vodka or whiskey a day), but now will only have a drink every couple of weeks. Tr. 83-84.

Minh Vu, M.D., testified as a medical expert at both administrative hearings. Tr. 43-50, 55-66. Dr. Vu opined that Plaintiff had lumbar spondylosis, cervical spondylosis and thoracic spondylosis, confirmed by imaging. Tr. 44-45. He also indicated the record reflected a notation of fibromyalgia, a seizure thought to be due to alcoholism, hypertension without complications, and obesity. Tr. 46. Dr. Vu opined that Plaintiff could do more than light exertion work. Tr. 47. He proposed that Plaintiff could perform medium exertion level work, with the additional limitations of only occasional use of ladders, ropes and scaffolds and the need to avoid concentrated exposure to hazardous machinery and unprotected heights. Tr. 48-49. At the second administrative hearing, Dr. Vu indicated he would change Plaintiff's RFC from "occasional" to "no" use of ladders, ropes and scaffolds. Tr. 64.

## ADMINISTRATIVE DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 22, 2008, the alleged onset date. Tr. 30. The ALJ determined, at step two, that Plaintiff had the severe impairment of "significant degenerative changes of the lumbar spine." Tr. 30. At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments. Tr. 32. The ALJ assessed Plaintiff's RFC and determined that she could perform light work with the following limitations: no unprotected heights, no hazardous or moving machinery, and only occasional postural manipulations such as bending, stooping and crouching. Tr. 32.

At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a medical records clerk. Tr. 33-34. In the alternative, at step five, the ALJ concluded that, considering Plaintiff's age, education, work experience

and RFC, and based on the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 34. The ALJ thus determined that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 22, 2008, the alleged onset date, through the date of the ALJ's decision, December 1, 2011. Tr. 34-35.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the Court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred because she is more

limited from a physical standpoint than what was determined by the ALJ.  ECF No. 14 at 7.  Plaintiff additionally provides a brief argument that the ALJ failed to properly consider and reject her testimony regarding the limitations from her impairments.  ECF No. 14 at 9-10.

## DISCUSSION

**A.     Physical Limitations**

Plaintiff asserts that the ALJ improperly rejected the opinion of Stacy Jarvis, PA-C, regarding her physical limitations.  ECF No. 14 at 8-11.  Plaintiff specifically argues that Ms. Jarvis' October 20, 2011 letter, Tr. 647, demonstrates she is more limited from a physical standpoint than what was determined by the ALJ in this case.  *Id*.

As noted above, the ALJ determined that Plaintiff retained the RFC to perform light work[1] with the following limitations:  no unprotected heights, no hazardous or moving machinery, and only occasional postural manipulations such as bending, stooping, crouching, etc. Tr. 32.  Ms. Jarvis, however, noted in a letter dated October 20, 2011, that "based on her review of the claimant's recent medical records and current diagnosis, it was her opinion that working in a traditional setting for more than 3-4 hours a day would be inadvisable and would exacerbate her pain and symptoms."  Tr. 647.   The ALJ rejected Ms. Jarvis' opinion in this case. Tr. 33.

The ALJ first indicated that Ms. Jarvis, a certified physician assistant, is not an acceptable medical source.  Tr. 33.  Only acceptable medical sources can give medical opinions.  20 C.F.R. § 416.927(a)(2).  Ms. Jarvis' testimony and opinions do not qualify as "medical evidence . . . from an acceptable medical source" as

---

[1]Light level work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds.  20 C.F.R. §§ 404.1567(b), 416.967(b).

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

required by the Social Security Regulations. 20 C.F.R. §§ 404.1513, 416.913. Plaintiff concedes that Ms. Jarvis is not an acceptable medical source, but argues that Ms. Jarvis' "other source" opinion should have been given weight by the ALJ as evidence demonstrating how Plaintiff's symptoms affect her ability to work. ECF No. 14 at 10. To reject "other source" evidence, an ALJ must provide germane reasons for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

The ALJ relied on the opinions of acceptable medical sources of record which consistently contradict the opinion of Ms. Jarvis. As noted by the ALJ, a February 26, 2010, psychological consultative examination with Samantha Chandler, Psy.D., revealed Plaintiff was "completely and totally independent." Tr. 31, 288. Plaintiff "described normal and common activities of daily living," Tr. 31, 286-287, and indicated she only had difficulty lifting more than 30 pounds, Tr. 284. Furthermore, a March 13, 2010, physical examination with Robert Bray, M.D., indicated that Plaintiff reported low back pain, but her examination was entirely unremarkable. Tr. 31, 289-293. Dr. Bray opined that Plaintiff would be limited to light exertion level work with no postural, manipulative or environmental restrictions. Tr. 31, 292-293. State agency reviewing consultant Tony Bingaman opined on March 25, 2010, that Plaintiff should be limited to light exertion level work, but should avoid concentrated exposure to hazards (machinery, heights, etc.) and should only occasionally climb ramps/stairs and ladders/ropes/scaffolds. Tr. 308-315. Finally, the medical expert, Dr. Vu, testified that, consistent with Dr. Bray and the state agency consultant, Plaintiff could perform at least light exertion level work, with the additional limitations of no use of ladders, ropes and scaffolds and no concentrated exposure to hazardous machinery and unprotected heights. Tr. 47-49, 64. The ALJ did not err by relying on the opinions of the foregoing acceptable medical sources over the opinion of Ms. Jarvis, a non-acceptable medical source.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

The ALJ also indicated Ms. Jarvis' assessment was based solely on a review of Plaintiff's "very limited medical records." Tr. 33. An ALJ may discredit physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992), or by objective medical findings, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Ms. Jarvis wrote that her opinion was only based on Plaintiff's "recent medical records and current diagnoses." Tr. 647. Consequently, Ms. Jarvis' opinion in the October 20, 2011, letter was, as indicated by the ALJ, based on "limited medical records," as opposed to a thorough review of the entirety of Plaintiff's medical history. Moreover, Ms. Jarvis' letter offered no objective medical findings to support the opinion of significant work related limitations noted in the letter. *Tonapetyan*, 242 F.3d at 1149.

Based on the foregoing, the ALJ provided germane reasons for rejecting Ms. Jarvis' "other source" opinion that if Plaintiff worked more than three to four hours a day, it would exacerbate her pain and symptoms. Tr. 647. The record does not support a more restrictive finding than Plaintiff being limited to a range of light exertion level work. Accordingly, the undersigned finds the ALJ's physical RFC determination is in accord with the weight of the record evidence and free of legal error.

**B.    Plaintiff's Credibility**

Plaintiff also provides a brief argument that the ALJ erred by failing to properly consider her subjective complaints. ECF No. 14 at 9-10. Plaintiff argues that the ALJ failed to state specific reasons to reject her testimony regarding "her limited ability to sit, stand, walk, as well as lift and carry, and her need for breaks frequently throughout the day." ECF No. 14 at 9.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231

(9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms "are only supported by recent imaging and not particularly supported by her limited treating records." Tr. 33.

The ALJ thus indicated that the objective medical evidence did not support her allegations of total disability. A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). As discussed above, the ALJ properly assessed the medical records in this case. Plaintiff's allegations of significant limitations on her ability to sit, stand, walk, lift and carry, and need for frequent breaks throughout the day are not consistent with the opinions of the acceptable medical sources of record which demonstrate Plaintiff is capable of performing at least light exertion level work, with certain postural and environmental restrictions. *Supra*. The credible medical evidence of record does not support Plaintiff's claim of disabling limitations. It was appropriate for the ALJ to conclude that the objective medical evidence does not support the level of limitation Plaintiff has alleged in this case.

///

The ALJ also noted that Plaintiff's "own estimated/assessed functional capacity was not inconsistent with the [ALJ's RFC] assessment." Tr. 33. Plaintiff wrote in her December 9, 2009, function report that she was capable of lifting approximately 20 to 30 pounds. Tr. 203. She also reported she could walk two miles before needing to stop and rest for about five to 10 minutes and then could resume walking.[2] Tr. 203. At that time, Plaintiff also indicated she was babysitting her grandchildren when her daughter was at work. Tr. 198. This involved walking to the bus stop, making dinner, doing baths and helping with homework. Tr. 198. She further reported cleaning her house twice a week for two to three hours and shopping for groceries on a weekly basis. Tr. 200. On examination with Dr. Chandler, Plaintiff indicated she does the dishes, makes her bed daily, cleans the bathroom once a week, takes the trash out as needed, does both her and her mother's laundry two times a week, and goes grocery shopping at least once a week. Tr. 287. On examination with Dr. Bray, she reported she took care of her own personal needs and all of her own household chores. Tr. 290. At the administrative hearing, Plaintiff testified she was capable of driving her manual transmission vehicle and had driven the fifty-minute drive to the hearing that day, without stopping to rest. Tr. 70. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (it is well-established that the nature of daily activities may be considered when evaluating credibility). The level of functioning reported by Plaintiff throughout the record is not necessarily inconsistent with the ALJ's physical RFC assessment in this case.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

---

[2] At the administrative hearing, Plaintiff testified she could only walk one block before needing to stop and rest. Tr. 73. On examination with Dr. Chandler, she reported her average day consisted of morning walks of two blocks to the store and two blocks back home. Tr. 286.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

After reviewing the record, the undersigned finds the reasons provided by the ALJ for discounting Plaintiff's subjective complaints are clear, convincing, and fully supported by the record. Accordingly, the ALJ did not err by concluding that Plaintiff's assertions of disabling functional limitations were not fully credible in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED February 3, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE